**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SUMAYA HAMADMAD, et al.,**

**Plaintiffs,**

**v.**

**Civil Action 2:26-cv-489**
**Judge Michael H. Watson**
**Magistrate Judge Kimberly A. Jolson**

**SHERIFF DALLAS BALDWIN, et al.,**

**Defendants.**

# OPINION AND ORDER

Plaintiff Jane Doe's Motion to Proceed Under Pseudonym is before the Court. (Doc. 2). For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiffs Sumaya Hamadmad, Hoda Elahinia, and Jane Doe initiated this action on April 22, 2026, against Franklin County Sheriff Dallas Baldwin and several unnamed officers at the Franklin County Corrections Center. (Doc. 1). Plaintiffs allege that, consistent with their Islamic faith, they do not willingly appear without their hijabs—which cover their hair, ears, and neck—in mixed-gender spaces outside of their immediate family. (*Id.* at ¶¶ 3–5).

As relevant to the Motion at bar, Plaintiff Jane Doe was arrested at the Ohio State University in April 2024. (*Id.* at ¶ 37). The arresting officers "inadvertently removed" her hijab. (*Id.* at ¶ 39). Though the officers provided her with a shawl for her head, the shawl did not cover her hair. (*Id.*). Jane Doe was then transported to Jackson Pike Correction Center and transferred to the custody of Franklin County. (*Id.* at ¶ 40). At the correction center, an officer instructed

Jane Doe to remove her head covering in an area that was visible to male officers and detainees. (*Id.* at ¶ 41). She was not permitted to completely replace her hijab. (*Id.* at ¶ 42). A male correction officer then took her to the room for her booking photograph. (*Id.* at ¶ 43). An unidentified female Defendant officer required Jane Doe to remove her head covering for the picture. (*Id.* at ¶¶ 43–44). In all, Jane Doe alleges she was deprived of any head covering for about an hour and was seen uncovered by several male officers and detainees. (*Id.* at ¶ 46). And she was only partially covered for hours longer. (*Id.*). Plaintiffs allege that Jane Doe's uncovered booking photograph is maintained in the Franklin County database, is shared with other law enforcement agencies including the OSU police department, and is obtainable through a public records request. (*Id.* at ¶ 47).

The other two Plaintiffs in this action allege similar experiences. (*Id.* at ¶¶ 7–36). All three women also allege that Defendants denied their requests for other religious accommodation. (*Id.* at ¶¶ 17–18, 34, 45). As a general matter, Plaintiffs' Complaint claims that Defendants' actions violated their First Amendment rights and the Religious Land Use and Institutionalized Persons Act of 2000. (*See generally id.*).

Plaintiff Jane Doe brings the present Motion to litigate anonymously. (Doc. 2). The Court temporarily granted the request pending Defendants' appearances. (Doc. 5). Now, Defendant Baldwin opposes her request. (Doc. 23). The matter is ready for consideration. (Docs. 2, 23, 24, 26).

## II. STANDARD

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). Parties "are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir.

2005); *see also Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In exercising its discretion, "a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001)). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the Sixth Circuit directs district courts to consider:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). "It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio*, 123 F. App'x at 636. "The burden is on the [moving party] to demonstrate that the need for anonymity substantially outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party." *Doe v. Kentucky Cmty. & Tech. Coll. Sys.*, No. CV 20-6-DLB, 2020 WL 998809, at *2 (E.D. Ky. Mar. 2, 2020) (citation omitted).

All that said, the Sixth Circuit has cautioned that "[i]t is the exceptional case in which a [party] may proceed under a fictitious name." *Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

## III. DISCUSSION

Plaintiff Jane Doe asks to proceed under a pseudonym to ensure her privacy and safety. (Doc. 2 at 2; Doc. 24 at 1; Doc. 26 at 1–2). She argues that the first three *Porter* factors weigh in favor of anonymity. (Doc. 2 at 4–5; Doc. 24 at 2–5). Defendant Baldwin does not agree and

contends that, on balance, the *Porter* factors weigh in favor of transparency. (Doc. 23). The Court concludes the circumstances presented are not the exceptional case which justify permitting Jane Doe to shield her identity.

### A. First *Porter* Factor

To start, Jane Doe submits that the first *Porter* factor—whether her suit challenges governmental activity—is easily satisfied because she is suing the Franklin County Sheriff. (Doc. 2 at 4). But this factor is not as open and shut as Plaintiff contends. Specifically, courts in this Circuit have observed that the type of case strongly supporting this factor is one where "a party is seeking to have a law or regulation declared invalid." *Doe v. Sumner Cnty. Bd. of Educ.*, No. 3:23-CV-00498, 2025 WL 3896598, at *4 (M.D. Tenn. June 2, 2025). Compared to those cases, "courts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual." *K.G. v. Bd. of Educ. of Woodford Cnty.*, No. 5:18-CV-555-JMH, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019). Where a plaintiff names defendants in their individual capacity alongside a governmental entity, courts have also observed that allowing a plaintiff to proceed pseudonymously—while requiring the individual defendants to be named—presents a reputational mismatch. *Doe v. Webster Cnty.*, No. 4:21-CV-00093-JHM, 2022 WL 124678, at *2 (W.D. Ky. Jan. 12, 2022) (citation omitted).

Here, Jane Doe does not challenge a law or regulation, and she sues all the unnamed Defendants in their individual capacities. So, this factor does not automatically fall in her favor. Still, Plaintiffs allege that Sheriff Baldwin, in his official capacity, "maintained, enforced, and applied" policies and practices at the Franklin County Corrections Center that violated his "statutory obligations under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by forcing Plaintiffs to remove their hijabs, or otherwise forcibly removing them,

despite their religious objections, and by creating and maintaining photographic records of that violation." (*See* Doc. 1 at ¶¶ 4, 14–15). Because these allegations are directed at official actions and policies, the Court concludes this factor tilts in Jane Doe's favor. *Cf. Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021) (finding this factor met where plaintiffs challenged policies and procedures at a jail). "Nevertheless, no factor alone, including this one, compels allowing a plaintiff to proceed anonymously." *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d 1040, 1044 (M.D. Tenn. 2023) (collecting cases).

**B. Second *Porter* Factor**

In contrast, the next consideration—whether the litigation will compel Jane Doe to disclose information of the utmost intimacy—does not weigh in her favor. In identifying what "the information of the utmost intimacy" is, Jane Doe points to her "faith and modesty." (Doc. 2 at 4–5; Doc. 24 at 2). To be sure, the Sixth Circuit has noted "religion is perhaps the quintessentially private matter," *Porter*, 370 F.3d at 560 (quotation omitted), and some courts have relied on this statement to find that religious beliefs are of the utmost intimacy in particular circumstances. *See also Doe I-VIII v. Sturdivant*, No. 06-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006) (commenting that one's religious beliefs are of the utmost intimacy but not justifying existence of the second *Porter* factor on this ground); *Kentucky Cmty.*, 2020 WL 998809, at *2 (noting anonymity has been found justified when litigation "requires plaintiffs to reveal their beliefs about a particularly sensitive topic like religion" but not addressing religion in the *Porter* analysis). For example, in *Doe v. Dordoni*, a Kentucky court found the fact of a plaintiff's religious conversion qualified as information of the utmost intimacy, but specifically where the dissemination of the plaintiff's conversion from Islam to Christianity would put him and his family at documented risk

of serious personal injury or death. No. 1:16-CV-00074, 2016 WL 4522672, at *2 (W.D. Ky. Aug. 29, 2016).

Plaintiff's case does not neatly fit into this jurisprudence, however. The thrust of Jane Doe's argument is that connecting her name to this litigation would expose her to harm because people would know she was in the presence of men without her head covering and because people potentially would see the photograph of her without her hijab. (Doc. 2 at 4–5 (stating both are akin to being seen naked); Doc. 26 at 1). Notably, these harms do not stem from people knowing that she has religious beliefs about modesty. *Cf. Dordoni*, 2016 WL 4522672, at *2 (considering the fact of the plaintiff's conversion). In other words, her religious beliefs are not what she wishes to keep separate from her identity—what happened to her and its religious implications are. Plaintiff cites to no caselaw that supports this is information of the utmost intimacy. *Cf. Doe v. Witt*, No. 5:26-cv-141 (E.D. Ky. June 3, 2026), at Doc. 17 (granting a plaintiff's unopposed motion to proceed anonymously under similar circumstances but providing no explanation under the *Porter* factors or any other consideration); *Doe v. Nanos*, No. 4:24-cv-72 (D. Az. Nov. 14, 2024), at Doc. 33 (granting the parties' joint stipulation to allow a plaintiff to proceed anonymously under similar circumstances but providing no further analysis). And this makes sense. Otherwise, the majority of plaintiffs alleging their religious liberties were violated could justify appearing anonymously because they do not want others to know they were forced to violate their beliefs. At base, the Court must construe this factor narrowly, "as the qualification that it pro[t]ects information of the *utmost* intimacy would suggest." *Kaltenbach v. Hilliard City Schs.*, No. 2:23-CV-187, 2023 WL 3023020, at *2 (S.D. Ohio Apr. 20, 2023).

The Court is not persuaded that the harms Jane Doe identifies change this factor's analysis. First, Jane Doe says that connecting her name to this litigation creates a risk of mental anguish and

social stigma from her community. (Doc. 2 at 4). In a sworn declaration, she states she "fear[s] that members of my family and community will discover I was seen without my hijab [b]y males outside my family, which will harm my reputation and cause me significant distress." (Doc. 26 at 1–2 (also stating she believes she risks humiliation, harassment, and mental anguish)). Elsewhere, she contends that she has "already lived" with this stigma from her own family and community. (Doc. 24 at 3).

While the potential for harmful repercussions can sometimes tip the scales in favor of anonymity, *see Meriwether v. Trs. of Shawnee State Univ.*, No. 1:18-CV-753, 2019 WL 2392958, at *4 (S.D. Ohio Jan. 30, 2019), "[u]nsubstantiated fears of speculative harm are insufficient to outweigh the presumption of open judicial proceedings," *Doe v. Ohio Supreme Ct.*, No. 2:25-CV-0773, 2025 WL 2730664, at *3 (S.D. Ohio Sept. 25, 2025) (citation omitted). Here, the Court finds Jane Doe's allegations that she has suffered and will continue to suffer social stigma and anguish insufficient. Her declaration provides scant detail beyond her fears. *Cf. Dordoni*, 2016 WL 4522672, at *2 (considering a plaintiff's hearing testimony that a friend warned him that religious leaders could order injury or death on him or his family if his identity and conversion were known). She does not explain or support the social stigma she has already experienced from her family and community. Simply put, these sorts of allegations of stigma or anguish generally do not translate to information of the utmost intimacy without more. *See Kentucky Cmty.*, 2020 WL 998809, at *3 ("Despite case law indicating the importance of evidence, Plaintiff fails to put forth *actual evidence* . . . that he will suffer reputational harm."); *Doe v. UNUM Life Ins. Co., of Am.*, No. 3:22-CV-212-DCLC-DCP, 2022 WL 20686965, at *3 (E.D. Tenn. Sept. 20, 2022) (noting plaintiffs must justify pseudonym requests with more than "generalized and unspecific fears"); *see also Carson*, 2020 WL 2611189, at *2 (upholding a district court's finding that

"concerns about stigma and scrutiny from prospective employers do not involve 'information of the utmost intimacy'").

Jane Doe's fear of stigma is also undercut by her two co-Plaintiffs who proceed under their own names. As one court observed, named plaintiffs can "signal[] that the significance of the legal issues in the litigation outweigh the stigma from the nature of the allegations involved." *Williams v. Cuyahoga Cnty.*, No. 1:23-CV-1879, 2024 WL 468375, at *2 (N.D. Ohio Feb. 7, 2024). So too here, where all three Plaintiffs' allegations are substantially similar, and Jane Doe does not explain how her risk of stigma or harm is different from her co-Plaintiffs.

Jane Doe further says she fears that publication of her identity would result in her booking photograph becoming available through the litigation process or via records searches. (Doc. 26 at 2; *see also* Doc. 24 at 3). While the Court is sympathetic to Jane Doe's concerns, this risk of harm is simply too attenuated and unconnected to the fact of litigation. As it is, Jane Doe's booking photo is not contained in any Court filing. Nor are the identified Plaintiffs' booking photos. Should the Court need to see the photographs for a motion or filing, Plaintiffs have other means of shielding them from dissemination, including protective orders and motions to seal. In light of this, there is no reason to believe that this litigation will distribute Jane Doe's booking photograph.

Additionally, it seems from Jane Doe's allegations that, apart from someone with access to the Franklin County database, the at-large population's only way of seeing her uncovered picture is via a public records request. (Doc. 1 at ¶ 47). Jane Doe does not explain why her being named in this lawsuit will inherently result in an increase in public records requests. Her fear alone does not create a substantial risk.[1] Ultimately, because the practice of proceeding under pseudonym is

[1] Though Plaintiff Jane Doe submits that similar cases have brought significant media coverage, none of the three articles she cites includes a photograph of a woman without her hijab. (Doc. 24 at 3 n.1).

disfavored, privacy interests must often make way in favor of open and transparent court proceedings, even when those privacy interests are arguably compelling.

For all these reasons, the Court concludes the second *Porter* factor does not weigh in favor of Jane Doe proceeding anonymously.

**C. Remaining Factors**

Similarly, the third *Porter* factor does not weigh in favor of anonymity. Jane Doe acknowledges that her case does not involve potential criminal liability. (Doc. 2 at 5). Still, she relies on *Porter* to suggest the third factor can be met if a plaintiff's suit makes "revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior." *Porter*, 370 F.3d at 560 (citation modified). As noted above, however, it is not Jane Doe's beliefs or practices themselves that would spur the "opprobrium" she fears as told by her declaration. Additionally, Plaintiff does not support her contention that harassment would follow if the public knew specifics about her head covering with more than conclusory speculation. (Doc. 24 at 4–5); *cf. Porter*, 370 F.3d at 560–61 (considering a letter to the editor threatening plaintiffs an example of the opprobrium plaintiffs could face). This factor does not tip the scales. Nor does the fourth *Porter* factor because, as Jane Doe admits, she is not a minor. (Doc. 2 at 5).

Finally, more likely than not, Defendant Baldwin would suffer little prejudice if Jane Doe were allowed to proceed under a pseudonym. But lack of prejudice alone is no reason to grant Jane Doe's request. *See Citizens for a Strong Ohio*, 123 F. App'x at 636. Further, as noted above, other defendants will be required to proceed under their own names, and courts have viewed this mismatch unfavorably. *See Doe*, 2022 WL 124678, at *2.

***

On balance, Plaintiff Jane Doe's interests in nondisclosure do not outweigh the presumption of disclosure of her identity. Though the Court does not doubt the veracity of Jane Doe's desire to keep her name separate from this lawsuit, so do many plaintiffs. *Doe v. Shaw Elec. Co.*, No. 24-CV-10746, 2024 WL 1815459, at *4 (E.D. Mich. Mar. 28, 2024) ("Plaintiff has chosen to file this civil suit against Defendant for damages and her privacy concerns do not substantially outweigh the presumption of open judicial proceedings."); *Kentucky Cmty.*, 2020 WL 998809, at *3 ("Additionally, . . Plaintiff has *chosen* to sue his former employer, knowing that such a choice may open him up to public scrutiny."). Ultimately, however, the law does not support her request. The Motion (Doc. 2) is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe's Motion to Proceed Under Pseudonym is **DENIED**. (Doc. 2). Plaintiffs are **ORDERED** to file an amended complaint on or before **September 22, 2026**, either identifying Plaintiff Jane Doe or removing her from this case.

IT IS SO ORDERED.

Date: September 15, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE